

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOLITA CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 4701 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge |
| Commissioner of Social | ) | Arlander Keys |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

On September 6, 2007, the Court issued a Memorandum Opinion and Order remanding Lolita Curry's case to the Commissioner of Social Security. Shortly thereafter, counsel for Ms. Curry petitioned the Court, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of $9,491.10 in attorney's fees.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in her favor and secured a remand, Ms. Curry is the prevailing party. The Government concedes as much, but argues that fees are not appropriate because the Commissioner's position was substantially justified; alternatively, the Government

argues, the fee request is excessive and should be reduced.

The Government has the burden of establishing that its position was "substantially justified" – that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). It has not met its burden here; as the Court explained in its September 6, 2007 opinion, the ALJ, in denying benefits, failed to comply with Social Security Regulations and Seventh Circuit jurisprudence; among other things, the ALJ failed to comply with SSR 96-8p, failed to explain his decision to reject the treating physician's RFC assessment, and failed to support or properly explain his conclusion that Ms. Curry could perform a range of sedentary employment. In light of this, it is difficult to see how the Government could have concluded that the ALJ's decision was well-grounded in the record and in the law. The Court, therefore, finds that an award of fees is appropriate.

Having determined this much, the Court must next determine what amount should be awarded. In his initial application, Ms. Curry's counsel sought to recover fees totaling $9,491.10, which represented, according to the application, 57.8 hours of attorney time, billed at the rate of $162/hour, and 1.5 hours of legal assistant time, billed at the rate of $85/hour. In his reply, counsel added another 3.6 hours of attorney time, for an additional $583.20, bringing the total fee request to $10,074.30.

The Government does not challenge the proposed hourly rates, and the Court finds that they are reasonable. The Government does, however, challenge the number of hours billed. And the Court agrees that some of the time billed should be disallowed.

First, with regard to the motion for fees, counsel spent twice as much time drafting the reply brief as he did drafting the initial brief; this is unreasonable, given that the briefs are roughly the same length and that the issues raised in the defendant's response brief were not novel. The Court will cut the EAJA time by 2 hours (reducing the award by $324).

Additionally, counsel spent 37.5 hours drafting and editing a motion for summary judgment and brief in support thereof, plus another 15.1 hours on the reply brief. This is unreasonable, given that the issues raised in this case were relatively routine; indeed, issues relating to credibility and the ALJ's failure to "build an accurate and logical bridge" from the record to his findings come up all the time in these cases, and Mr. Schultz, who handles so many cases in this Court, should be well-versed in the relevant law and arguments.[1] The Court will allow counsel to recover 25 hours for the initial brief and 10 hours for the reply, thereby reducing the award by $2,851.20 (17.6

---

[1] The Court recognizes that the bulk of the drafting here was done by Mr. Schultz' associate, Kristin A. Kobayashi, who may or may not have the same level of experience as Mr. Schultz. But the Court sees no reason to allow Mr. Schultz to recover more in fees than he would have been able to recover if he had handled the drafting himself.

3

hours of attorney time billed at the rate of $162/hour).

Next, some of the entries appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). The Court will disallow these entries, which total 1 hour of attorney time and .4 hours of legal assistant time. The Court will also disallow as unnecessary the time spent reviewing the decision that came out in counsel's favor (.8 hours billed at $162/hour), as well as the time spent drafting a motion for an extension of time (.60 hours billed at $162/hour).

Taking all of the above into account, the Court will allow counsel to recover fees for 35.8 hours of attorney time, billed at the rate of $162.00 per hour, and 1.1 hours of legal assistant time, billed at the rate of $85 per hour, for a total award of $5,893.10.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Ms. Curry and awards fees as requested, except to the extent explained above. Consistent with the EAJA, the Court awards fees in the amount of $5,893.10, to be paid directly to Ms. Curry's counsel, the Law Offices of Barry A. Schultz, P.C.

Dated: January 31, 2008

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge